# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**YOLANDA ORTIZ PIZARRO,**

                **Plaintiff,**

**-vs-**                            **Case No.  6:12-cv-801-Orl-37DAB**

**THE COMMISSIONER OF SOCIAL
SECURITY,**

                **Defendant.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **THE COMMISSIONER'S MOTION TO DISMISS (Doc. No. 9)** |
| **FILED:** | **July 26, 2012** |

_____

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

      Plaintiff filed this action on May 25, 2012, to obtain judicial review of the Commissioner's

dismissal of her claim for disability benefits under Title II of the Social Security Act.  Doc. 1.  The

Commissioner moves to dismiss Plaintiff's appeal for lack of subject matter jurisdiction, contending

that Plaintiff failed to exhaust her administrative appeal remedies with respect to the claim for

benefits, and therefore, has not received a "final decision" of the Commissioner as required to obtain

judicial review under 42 U.S.C. § 405(g).  Doc. 9.  The Commissioner contends that Plaintiff's request

for hearing was filed five months late and she did not provide any explanation for the late filing; in

addition, she was represented by an attorney.  Doc. 9-1 at 4, 7.  Plaintiff has filed a Response to the Motion to Dismiss, arguing that she has received a "final decision" on the issue of whether the Plaintiff's request for a hearing was timely, and she was wrongly denied a good cause hearing.  Doc. 10.  The Commissioner has also filed a Reply.  Doc. 13.

Based on Chief Judge Conway's decision in *Counts v. Commissioner of Social Security*[1], it is respectfully **RECOMMENDED** that the Commissioner's Motion to Dismiss be **DENIED** and Plaintiff's case be remanded for a hearing on the merits.

# I.     BACKGROUND

## A.     Procedural History and Factual Background

Plaintiff filed her application for disability insurance benefits ("DIB") on September 7, 2010.  Doc. 10-1.  Plaintiff's application for DIB benefits was denied initially on December 10, 2010; her application for reconsideration was denied on March 8, 2011.  Doc. 9-1, Decl. Patrick Herbst.  Plaintiff did not learn that her request for reconsideration had been denied on March 8, 2011 until September 20, 2011 when her attorney contacted the Social Security Administration and first learned of the denial.  Doc. 10-1 at 16.

Within days, by letter dated October 4, 2011, Plaintiff requested that her file be reopened for good cause.  Doc. 10-1 at 10.  Plaintiff included an affidavit stating that she had not timely receive the Notice of Reconsideration.  Doc. 10-1 at 9.  Plaintiff's counsel also stated that he did not receive the denial.  Doc. 10-1 at 10.  Plaintiff filed the required SSA form requesting a hearing by an ALJ as of October 4, 2011.  Doc. 9-1 at 4.

On January 13, 2012, Administrative Law Judge Larry Stroud (the "ALJ") issued a Dismissal Order finding Plaintiff's request for hearing was untimely.  Doc. 9-1 at 8-9.  Plaintiff filed a Motion

---

[1]Case No. 6:09–cv–2157–Orl–22KRS, 2010 WL 5174498 (M.D. Fla. Dec. 15, 2010).

to Vacate the January 13, 2012 Dismissal Order with the SSA's Office of Disability Adjudication and Review directed to the ALJ.  Doc. 10-1 at 16.  Plaintiff's counsel requested in the alternative, if the Dismissal was not vacated, that a good cause hearing be immediately scheduled to solicit testimony from Plaintiff, her attorney, and his staff to determine whether good cause for the late filing exists. Doc. 10-1 at 18.

On February 23, 2012, Plaintiff requested Appeals Council review of the ALJ's Dismissal Order, arguing that the dismissal was erroneous and the ALJ had denied Plaintiff due process by failing to hold a good cause hearing.  Doc. 9-1 at 10.  The Appeals Council denied the request for review on April 27, 2012.  Doc. 9-1 at 12-13.  On May 25, 2012, Plaintiff filed a civil action in this Court, alleging that the ALJ's January 13, 2012 Dismissal was an abuse of discretion by the ALJ. Doc. 1.  Plaintiff filed a new application for DIB benefits with SSA on January 25, 2012 and she remains insured for DIB benefits through December 31, 2014.  Doc. 9-1 at 3.

## ANALYSIS

*Standard for Motion to Dismiss under Fed. R. Civ. P. 12(b)(1)*

A party may attack subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) by either a facial attack or a factual attack.  *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990).  "Facial attacks on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject-matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id*. at 1529 (citations omitted).  "'Factual attacks,' on the other hand, challenge the existence of subject-matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id*. (citations omitted).  As the Eleventh Circuit explained:

> On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion–the court must consider the allegations of the complaint to be true.  But when the attack is factual, the trial court may proceed as it

never could under 12(b)(6) or Fed. R. Civ. P. 56.  Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction–its very power to hear the case–there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Id.* (citations omitted). Where the Court lacks subject matter jurisdiction, it must dismiss the action. S*ee* Fed. R. Civ. P. 12(h)(3).  The Commissioner's attack in this case is a factual attack and a declaration with exhibits from the SSA has been submitted in support.  Doc. 9-1, Herbst Decl.

*Jurisdictional Issue*

The Commissioner moves to dismiss Plaintiff's appeal arguing that Plaintiff failed to exhaust her administrative appeal remedies with respect to the claim for benefits, and therefore, has not received a "final decision" of the Commissioner as required to obtain judicial review under 42 U.S.C. § 405(g).  Plaintiff concedes that there is no final decision on the issue of Plaintiff's disability, but argues she has received a "final decision" on the issue of whether her request for a hearing was timely. Doc. 10.

The Commissioner argues that Plaintiff's appeal should be dismissed because her request for hearing was untimely when it was not filed within 65 days of receipt of the ALJ's decision; Plaintiff's request for a hearing by an ALJ was not filed until October 4, 2011, or more than six months after the denial of her request for reconsideration on March 8, 2011.  Doc. 9-1 at 4.

A federal district court's review of claims for DIB arising under Title II of the Social Security Act is limited, and the court generally does not have subject matter jurisdiction over such claims unless a claimant has exhausted her administrative remedies as set forth in the Social Security Act. *See* 42 U.S.C. § 405(g).  A civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Commissioner has made a final decision on the claim. *See* 42 U.S.C. § 405(g).  The meaning of "final decision" is not defined in the Act, but is "left to the

[Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975).  A claimant obtains the Commissioner's "final decision" only after completing the four steps of the administrative review process: (1) initial determination; (2) reconsideration determination; (3) hearing before an ALJ; and (4) Appeals Council review. *See* 20 C.F.R. § 404.900(a); *Schweiker v. Chilicky*, 487 U.S. 412, 424 (1988).

The Commissioner argues that, under the regulations governing Social Security, Plaintiff did not receive a "final decision after a hearing" because the ALJ dismissed Plaintiff's request for hearing without actually holding a hearing.  The Commissioner relies on cases from other circuits, including the Fifth Circuit's decision in *Brandyburg v. Sullivan*, 959 F.2d 555 (5th Cir. 1992) for the principle that an ALJ's pre-hearing dismissal of a request for hearing is not a "final decision" under § 405(g), and therefore not generally subject to judicial review.

However, Chief Judge Conway – in a decision squarely on point with this one – has specifically distinguished the facts of the Fifth Circuit's decision in *Brandyburg v. Sullivan*, 959 F.2d 555 (5th Cir. 1992), in her decision in *Counts v. Commissioner of Social Security*, Case No. 6:09–cv–2157–Orl–22KRS, 2010 WL 5174498 (M.D. Fla. Dec. 15, 2010), relying on *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

In *Counts*, the Commissioner made nearly the identical argument – that the Court lacked subject matter jurisdiction where there had not been a hearing in the case and the decision to dismiss Plaintiff's request for a hearing was not a "final decision made after a hearing," as required by 42 U.S.C. sec. 405(g).  *Counts*, 2010 WL 5174498 at *4.  Section 405 states in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . in the district court of the United States . . . The court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner.

42 U.S.C. § 405(g).

As Judge Conway explained, some courts have allowed review of certain decisions not made

"after a hearing" including the Eleventh Circuit in *Bloodsworth*:

> Although [§ 405(g)] on its face appears to bar review until after a "final" decision is made "after a hearing," the Supreme Court and several lower courts have construed the section broadly to allow review of certain decisions not made after a hearing. *See Mathews v. Eldridge*, 424 U.S. 319, 328, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (stating although the requirement that there be a final decision by the Commissioner after a hearing is central to the requisite grant of subject matter jurisdiction, this condition consists of a waivable and a non-waivable element; the waivable one is "the requirement that the administrative remedies prescribed by the Commissioner be exhausted"); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) ("The [Commissioner]'s argument that an Appeals Council denial of a request to review for reason of untimeliness is neither 'final' because it is not a determination on the merits, nor 'made after a hearing' because the request itself is not heard, makes linguistic but not legal sense."); *Blankenship v. Sec'y. of HEW*, 587 F.2d 329, 332 (6th Cir. 1978) (noting that in a case "where taking jurisdiction would not circumvent an orderly administrative mechanism or contravene a congressional policy regarding the timing of judicial review as in *Califano v. Sanders*, 430 U.S. 99, 102, 106, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), the exercise of jurisdiction is proper) (internal quotation omitted*); Macheski v. Leavitt*, 2007 WL 2710460, at *4 (M.D.Ga. Sept.13, 2007) ("The adoption of the [Commissioner]'s argument would . . . leave Plaintiff with no recourse whatsoever. He cannot seek further administrative review because he has exhausted all of his administrative remedies, and yet under the [Commissioner]'s argument he is foreclosed from judicial review because he has not exhausted his administrative remedies."); *Crumble v. Sec'y of Health and Human Servs.*, 586 F.Supp. 57, 59 (E.D.N.Y.1984) ("Congress could hardly have intended to have accorded a claimant judicial review when his right to a hearing is respected but to have withheld review when that right was denied.") (internal quotation omitted); *Beckham v. Schweiker*, 557 F.Supp. 137, 140 (S.D.Ohio 1982) ("Under the [Commissioner]'s interpretation, it would have the power to deny a person a hearing . . . and that person would not be entitled to any judicial review of that denial . . . [O]nce a person has pursued the question of his right to a hearing through the administrative process, his administrative remedies have been exhausted and he is entitled under § 405(g) to judicial review of his claim for a hearing.).

*Counts*, 2010 WL 5174498 at *4. Judge Conway also distinguished other cases holding that a

pre-hearing dismissal of a request for a hearing is not a "final decision" under § 405(g) subject to

judicial review, including the case relied upon by the Commissioner here, *Brandyburg v. Sullivan*, 959

F.2d 555, 561 n. 8 (5th Cir. 1992), as holding the ALJ's dismissal of the claimant's request for a

postponement of the hearing date was not a "final decision" subject to judicial review under § 405(g),

but making a point of noting the decision does not address a situation where the claimant was *unaware* of the hearing date, as when he does not receive notice thereof.

This Court has previously pointed out the Commissioner's failure to cite or distinguish Judge Conway's *Counts* decision.  *See Jones v. Commissioner of Social Security*, 6:11-cv-1898-Orl-DAB (M.D. Fla. April 17, 2012) (Doc. 18) (ordering the Commissioner to file a brief specifically addressing the applicability of *Counts*).  *See* Doc. 9-1 at 3.  In Jones, following this Court's issuance of an order to the Commissioner to show cause why the *Counts* decision did not apply*,* the Commissioner, rather than file a response to the Court's order to specifically address the applicability of *Counts*, moved to remand the case.  *See Jones,* 6:11-cv-1898-Orl-DAB (Doc. 22).  Here, the Commissioner once again fails to cite or distinguish the *Counts* decision, which is on all fours with the instant set of facts.

In *Counts,* Judge Conway found that the Commissioner "may waive the exhaustion requirement if he satisfies himself, at any stage of the administrative process, that no further review is warranted either because the internal needs of the agency are fulfilled or because the relief that is sought is beyond his power to confer." *Counts*, 2010 WL 5174498, *5 (quoting *Mathews,* 424 U.S. at 330).  "Since neither the ALJ nor the Appeals Council chose to offer Plaintiff a hearing on the issue of whether he received the written notice within the sixty-five days after it was allegedly mailed, this Court finds this jurisdictional prerequisite to have been waived, as the ALJ and the Appeals Council must have been satisfied that no further review was warranted when they issued their decision[s] without a hearing." *Id*.  As Judge Conway noted:

> [W]hile it might ordinarily appear to conflict with Congress' intent to allow a circumvention of the jurisdictional requirement that there be a hearing on the merits of a claimant's case before it reaches a district court on those merits, such is not the case where, as here, the hearing arguably waived is not "specifically mandated by the Social Security regulations as a prerequisite to judicial review." *Crumble*, 586 F.Supp. at 60 n. 3. Notably, there are no promulgated procedures enabling Plaintiff—at a hearing—to explain and present his case proving his timely request for a hearing. *See id.* Not receiving a hearing is the very issue Plaintiff is complaining about. The bizarre results of a literal reading of § 405(g) under these circumstances can be "avoided if the

absence of any administrative procedures for hearing [P]laintiff's explanations [of his non-receipt of the notice] is interpreted as a waiver of a hearing for the limited purpose of establishing § 405 jurisdiction on the [denial of the request for a hearing] issue." *Id.*

*Counts*, 2010 WL 5174498, *6. Judge Conway also held that although the plaintiff had not expressly alleged a due process violation, he had presented a colorable constitutional claim. *Id.* Just as in the instant case, the plaintiff in *Counts* raised such claim by virtue of seeking review of the Commissioner's denial of a hearing to which Plaintiff was statutorily entitled, as well as seeking review of the Commissioner's determination that Plaintiff was provided with notice of the reconsideration decision. *Id.* (quoting *Sanders*, 430 U.S. at 109 ("constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions. . . . [A] decision denying [§ 405(g) ] jurisdiction . . . would effectively . . . close [ ] the federal forum to the adjudication of colorable constitutional claims.") and *Cash v. Barnhart*, 327 F.3d 1252, 1257 n. 8 (11th Cir. 2003) (recognizing that subject matter jurisdiction exists when the claimant raises a colorable constitutional issue)).

Alternatively, Judge Conway relied on the Eleventh Circuit's reasoning in *Bloodsworth*,[2] the case cited by Plaintiff. In *Bloodsworth*, the appellate court rejected the Commissioner's argument that there was no "final decision made after a hearing" where the Appeals Council had decided not to review the ALJ's decision. *Counts*, 2010 WL 5174498, *6 (citing *Bloodsworth*, 703 F.2d at 1239 (stating "the Appeals Council decision not to review finalizes the decision made after a hearing by the administrative law judge, fulfilling the statutory requirements of section 405(g).")

Here, as in *Counts*, Plaintiff seeks review of both the ALJ's decision dismissing the request for a hearing as untimely, and the Appeals Council's denial of review of the ALJ's decision. Judge

---

[2] Judge Conway noted, following *Macheski v. Leavitt*, 2007 WL 2710466, (M.D. Ga.Sept. 13, 2007), that the Eleventh Circuit's overall reasoning in *Bloodsworth* warranted the conclusion that adopting Defendant's argument would make "linguistic but not legal sense." *Id.* at *7 (quoting *Macheski*, 2007 WL 2710466, at *4 ("Plaintiff cannot seek further administrative review because he has exhausted all of his administrative remedies, and yet under the [Commissioner's] argument he is foreclosed from judicial review because he has not exhausted his administrative remedies. Leaving Plaintiff 'permanently in limbo' under these circumstances was rejected in *Bloodsworth*.")).

Conway found that, "by denying review of the ALJ's decision to dismiss Plaintiffs request for a hearing, the Appeals Council finalized [the Commissioner's] decision to deny Plaintiff a hearing. Plaintiff exhausted his administrative remedies and timely filed for judicial review. . . . [T]he Court has subject matter jurisdiction to review Defendant's final decision denying Plaintiff an administrative hearing." *Id.*   Similarly, this Court has jurisdiction to review the ALJ's decision dismissing the request for hearing as untimely and the Appeals Council's denial of the request for review.  Dismissal of Plaintiff's appeal is unwarranted in light of *Counts* and *Bloodsworth*.

Having resolved the issue of the Court's jurisdiction, the Court now turns to the issue of whether the ALJ's decision was based on substantial evidence.  The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004).  "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" *Id.* (internal quotation and citation omitted). *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560; *accord, Lowery*

*v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

A claimant must follow the intricate path of the administrative process detailed in the Social Security regulations. First, the claimant receives an initial determination regarding entitlement to benefits. 20 C.F.R. § 404.902. If the claimant is dissatisfied with this initial determination, he may request reconsideration of the determination. 20 C.F.R. § 404.907. If the claimant is dissatisfied with the reconsideration determination, he may request a hearing before an ALJ. 20 C.F.R. § 404.929. A request for a hearing must be filed within sixty days after the date the claimant receives notice of the previous determination (notice is presumed to have been received five days after the date on the notice unless the claimant establishes that he did not receive the notice within the five-day period). 20 C.F.R. §§ 404.933(b)(1), 404.901. If dissatisfied with the hearing decision or with the dismissal of a hearing request, the claimant may appeal to the Appeals Council, and the Appeals Council may deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case to an ALJ. 20 C.F.R. § 404.967. "'The Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if 'the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir.2007) (quoting *Heckler v. Day*, 467 U.S. 104, 106–7, 104 S.Ct. 2249, 2251, 81 L.Ed.2d 88 (1984)); 20 C.F.R. § 404.970(b).

Plaintiff argues that the ALJ and the Appeals Council erred in failing to offer Plaintiff a hearing on whether good cause existed for the late filing. Doc. 10 at 2. She contends that the ALJ presumably concluded that she had failed to establish good cause even though no hearing was allowed on the matter and this finding was not based on substantial evidence. Doc. 10 at 3. The issue before the Court is whether the Commissioner's decision, as finalized by the Appeals Council's denial of Plaintiff's request for review of the ALJ's determination, was based on substantial evidence.

Following the denial of a claimant's request for reconsideration, the Social Security Regulations require a plaintiff to request a hearing before an administrative law judge "[w]ithin 60 days after [she] receive[s] notice of the previous determination or decision." 20 C.F.R. § 404.933(c). If a claimant does not timely request a hearing, the claimant may request an extension of time, but (1) the extension of time must be in writing; and (2) the extension of time must give reasons why the request for hearing was not filed timely.  20 C.F.R. § 404.933(c).  The ALJ may extend the time period for requesting a hearing when a claimant demonstrates "good cause" for missing the deadline. 20 C.F.R. § 404.933(c).  The Commissioner uses the standards set forth in 20 C.F.R. § 404.911 to determine whether "good cause" for an extension of time exists, and 20 C.F.R. § 404.911(b)(7) provides that "good cause" includes a situation where "[the claimant] did not receive notice of the determination of the decision."

In the ALJ's January 13, 2012 Dismissal Order, the ALJ specifically determined that Plaintiff did not "establish good cause for missing the deadline to request a hearing."  Doc. 9-1 at 9.  The ALJ stated:

> The claimant filed the request for hearing more than 65 days after the date of the notice of reconsideration determination and the claimant has not established that she did not receive this determination within 5 days of this date.  Accordingly, the request for hearing was not filed within the stated time period.
>
> In terms of extending the time to file the request, the claimant stated that she missed the deadline to request a hearing because she did not received [sic] the reconsideration notice.  After reviewing the file, it was determined that the reconsideration notice was mailed to the same address as the initial notice.  In addition, the reconsideration notice contained a "cc" notification to her attorney.
>
> The undersigned has considered this explanation under the standards set forth in 20 CFR 404.911 and finds that the claimant has not established good cause for missing the deadline to request a hearing.
>
> Because the request for hearing was not filed within the stated time period, and because the claimant has not established good cause for missing the deadline to request a hearing, the request for hearing dated October 7, 2011 is dismissed and the reconsideration determination dated March 8, 2011 remains in effect.

Doc. 9-1 at 9 (emphasis added).  In the April 27, 2012 Appeals Council notice, the Appeals Council determined that there was no basis to change the ALJ's Dismissal Order.  Doc. 9-1 at 12-13.  Plaintiff timely filed her appeal of the ALJ's Dismissal order in this Court on May 25, 2012.  Doc. 1.

The ALJ determined that Plaintiff had "not established that she did not receive this determination within 5 days" of the date the denial of the Reconsideration was issued.  Doc. 9-1 at 9.  Although the ALJ noted that Plaintiff had missed the deadline to request the hearing because she did not receive the notice, the ALJ found that Plaintiff had not established good cause for missing the deadline.  The ALJ relied on documents in the file showing that the reconsideration notice was mailed to the same address as the initial notice and was copied to her attorney.  Doc. 9-1 at 9.  The ALJ found that Plaintiff had failed to rebut the presumption of receipt of the reconsideration decision within the sixty-five days after it was allegedly mailed.

Plaintiff's counsel filed Plaintiff's sworn Affidavit of non-receipt at the time he filed the request for hearing before the ALJ.  Doc. 10-1 at 9.  Plaintiff's counsel also requested reopening in the cover letter accompanying Plaintiff's Affidavit: "Pursuant to the fact that I did not receive the latest denial, as her representative, I am requesting the matter be reopened for good cause."  Doc. 10-1 at 10.  Plaintiff's counsel subsequently argued to the Appeals Council that he and his staff were prepared to testify if a good cause hearing were held on the issue.  Doc. 10-1 at 18 ¶23.

The ALJ's Dismissal Order implicitly held that Plaintiff had not rebutted the presumption that she received the March 8, 2011 Notice within five days of mailing by the SSA.  However, as Judge Conway discussed in *Counts*, "before the presumption of receipt could have arisen, certain necessary conditions had to be met."  2010 WL 5174498 at *8.  In other contexts, the Eleventh Circuit has recognized that "'[t]he presumption of receipt arises upon proof that the item was properly addressed, had sufficient postage, and was deposited in the mail.'"  *Id.* (quoting *Pettway v. Barnhart*, 233

F.Supp.2d 1354, 1361 (S.D. Ala. 2002)[3] and *Konst v. Florida E. Coast Ry. Co.,* 71 F.3d 850, 851 (11th Cir. 1996)).  "This is critical because the record before the ALJ did not contain any evidence showing the notice had sufficient postage or that it was deposited in the mail. Accordingly, there was no evidence before the ALJ sufficient to trigger the presumption."  *Id.* at *8.  Judge Conway also discounted the standardized declaration of the Social Security employee responsible for processing of claims because it "offered little support for the proposition that the notice was in fact timely mailed," and he had no personal knowledge of the date of mailing. *Id.* (quoting *Pettway*, 233 F.Supp.2d at 1362 n. 18).  In this case, the Social Security employee Patrick Herbst, declares based on information available from the electronic folder, only that Plaintiff filed a request for hearing before the ALJ on October 7, 2011.  Doc. 9-1 at 2.  He says nothing about the denial to Plaintiff being mailed out.  "In order to raise the presumption of [receipt], the evidence must consist of more than unsupported conclusory statements of an individual based on his assumption of how mail was handled in the normal course of business in his office." *Counts*, 2010 WL 5174498 (quoting *In re E. Coast Brokers & Packers, Inc.*, 961 F.2d 1543, 1545 (11th Cir. 1992); and  *Slocum v. Astrue*, 2010 WL 1418409, at *6 (D. Kan. 2010) (noting that "the presence of the denial notice in defendant's file bearing plaintiff's correct name and address, standing alone, is not sufficient evidence to establish that the notice was mailed to the plaintiff)).

        The ALJ considered Plaintiff's affidavit, but based his finding of lack of good cause on his rejection of her sworn statement, after determining that documents in the file showed the reconsideration notice was mailed to the same address as the initial notice and copied to her attorney. Doc. 9-1 at 9.  Although Plaintiff's counsel then submitted a Motion to Vacate to ODAR, as well as

---

[3]"The Commissioner . . . has pegged the limitations period to receipt of the notice. Having done so, the durability of the presumption of timely receipt must depend, at least in part, on the predicate facts supporting the presumption.'" *Counts,* 2010 WL 5174498  (quoting *Pettway v. Barnhart,* 233 F.Supp.2d 1354, 1362 n. 19 (S.D.Ala. 2002)).

a Request for Review of Hearing Decision form to the Appeals Council (Doc. 10-1 at 16-19), the

Appeals Council did not grant review.  Neither the ALJ nor the Appeals Council relied on any

evidence which actually demonstrated that the reconsideration determination notice was indeed

mailed to Plaintiff or that Plaintiff actually received the notice.  Plaintiff presented her sworn

Affidavit to support her allegation that she never received the notice, which was sufficient under 20

C.F.R. § 404.911(b)(7) ("good cause" includes a situation where "[the claimant] did not receive notice

of the determination of the decision"). Accordingly, the ALJ's decision was not based on substantial

evidence.  *See Counts*, 2010 WL 5174498, *10 (reversing and remanding for a hearing on the merits

upon finding that the ALJ and the Appeals Council's decisions were not based on substantial evidence

where they failed to rely on any evidence establishing the written notice of the reconsideration

determination was actually mailed to the plaintiff and/or his attorney, and where the plaintiff had

submitted sufficient evidence to reasonably show neither he nor his attorney received the written

notice)[4].

Accordingly, the ALJ's dismissal of Plaintiff's request for hearing as  untimely was not

based on substantial evidence and the ALJ's reliance on the presumption of receipt was unwarranted.

Even assuming *arguendo* that the presumption of receipt applied, Plaintiff has successfully rebutted

it with submission of her sworn statement.  *See, e.g., McKentry v. Secretary of Health and Human

Services*, 655 F.2d 721 (6th Cir. 1981) (holding presumption of receipt was rebutted where there was

no evidence in the record that a copy was mailed to the claimant or claimant's attorney of record, and

claimant signed an affidavit of non-receipt); *cf. Sinatra v. Heckler*, 566 F. Supp. 1354 (E.D. N.Y.

---

[4]In *Counts,* Judge Conway alternatively granted mandamus relief pursuant to 28 U.S.C. § 1361, which Plaintiff has not sought here. *Counts*, 2010 WL 5174498, *10 (citing *Cash v. Barnhart*, 327 F.3d 1252, 1257 (11th Cir. 2003); 28 U.S.C. § 1361 (court may grant mandamus "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff"). There is precedent for the Court's ability to grant mandamus relief *sua sponte* when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) 'no other adequate remedy [is] available.' *In re Repetitive Stress Injury Litigation*. 35 F.3d 637 (2d Cir. 1994). Plaintiff may file a motion seeking mandamus relief, if appropriate.

1983) (presumption that mail was received five days after it was mailed was rebutted by judicial notice of typical holiday delays in posting mail due to government employee vacations and the slow-down from holiday mail which may have caused one-week delay in receipt, in addition to claimant's affidavit that he did not receive the notice).

It is respectfully **RECOMMENDED** that the Commissioner's Motion to Dismiss be **DENIED** and the case be **REVERSED** as to Plaintiff's claims under 42 U.S.C. § 405(g) and **REMANDED** for the Commissioner to assign to an ALJ for a hearing on the merits.  It is further **RECOMMENDED** that the Commissioner be granted leave to merge Plaintiff's application for DIB from September 7, 2010 with Plaintiff's subsequent application on January 25, 2012[5] already in process, if appropriate, as long as Plaintiff is given the benefit of the earlier application date.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 24, 2013.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[5]*See* Doc. 9-1 at 3.