**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

YOLANDA ORTIZ PIZARRO,

        Plaintiff,

vs.                                                      Case No. 6:12-cv-801-Orl-37DAB

THE COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

**ORDER**

This cause is before the Court on the following:

1. Defendant's Motion to Dismiss (Doc. 9), filed July 26, 2012;

2. Plaintiff's Response to Defendant's Motion to Dismiss (Doc. 10), filed August 7, 2012;

3. U.S. Magistrate Judge David A. Baker's Report and Recommendation (Doc. 15), filed January 24, 2013; and

4. Defendant's Objection to the Report and Recommendation of the Magistrate Judge (Doc. 16), filed January 31, 2013.

Upon consideration, the Court hereby denies the motion to dismiss and adopts the Report and Recommendation.

**BACKGROUND**

On September 7, 2010, Plaintiff applied for disability insurance benefits ("DIB"). (Doc. 10-1.) On December 10, 2010, her application was initially denied. (Doc. 10-1, p. 14.) On March 8, 2011, her request for reconsideration was denied. (*Id.*) Plaintiff avers that she did not receive notice of the denial of her request for reconsideration until

September 20, 2011, when her counsel called the Social Security Administration ("SSA") to inquire about the status of her claim. (*Id.* at 16.)

On October 4, 2011, Plaintiff requested that her file be reopened for good cause. (*Id.* at 10.) Plaintiff stated in an affidavit that she never received the denial of her request for reconsideration. (*Id.* at 9.) Plaintiff's counsel also averred that he did not receive the denial. (*Id.* at 10.) Also on October 4, 2011, Plaintiff requested a hearing by an Administrative Law Judge ("ALJ"). (Doc. 9-1, p. 4.)

On January 13, 2012, the ALJ dismissed the request for hearing as untimely. (*Id.* at 8–9 (citing 20 C.F.R. § 404.933(b)(1) (requiring that a request for hearing be made within sixty days of notice of a determination)).) Plaintiff moved to vacate the ALJ's dismissal or, alternatively, for the ALJ to hold a hearing on whether good cause existed for Plaintiff's untimely filing. (Doc. 10-1, pp. 16–18.)

On February 23, 2012, Plaintiff requested that the SSA Appeals Council review the ALJ's dismissal, arguing that the ALJ abused his discretion, misinterpreted the law, and denied Plaintiff due process. (Doc. 9-1, p. 10.) On April 27, 2012, the Appeals Council denied her request for review. (*Id.* at 12–13.)

Plaintiff then filed this action, asking the Court to remand her claim for a hearing on the merits by an ALJ. (Doc. 1.) Defendant ("the Commissioner") moved to dismiss, arguing that this Court lacks subject-matter jurisdiction because Plaintiff has not received a "final decision" as required for a review pursuant to 42 U.S.C. § 405(g). (Doc. 9.) Plaintiff responded. (Doc. 10.) U.S. Magistrate Judge David A. Baker recommended that: (1) the motion to dismiss be denied; (2) the case be reversed and remanded to an ALJ for a hearing on the merits; and (3) the Commissioner be granted leave to merge Plaintiff's initial DIB application with her later January 25, 2012

application (*see* Doc. 9-1, p. 3) so long as Plaintiff is given the benefit of the earlier application date. (Doc. 15, p. 15.) The Commissioner objected on jurisdictional grounds. (Doc. 16.)

**STANDARDS**

When a party objects to the magistrate judge's findings, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Veteto*, 701 F.2d 136, 140 (11th Cir. 1983) (indicating that although the court must make a de novo determination, a de novo hearing is not required). A de novo determination requires the district judge to consider factual issues on the record independent of the magistrate judge's Report and Recommendation. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**DISCUSSION**

**1. Jurisdiction**

In his motion to dismiss, the Commissioner argued that "Plaintiff failed to exhaust her administrative appeal remedies with respect to the claim for benefits, and therefore, has not received a 'final decision' of the Commissioner as required to obtain judicial review under 42 U.S.C. § 405(g)." (Doc. 9, p. 1.) Section 405(g) states, in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . . The court shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

3

A "final decision" is made after a four-step administrative review process: (1) initial determination; (2) reconsideration determination; (3) hearing before an ALJ; and (4) Appeals Council review. 20 C.F.R. § 404.900(a). Relying on *Counts v. Commissioner of Social Security*, No. 6:09-cv-1257-Orl-22KRS, 2010 WL 5174498 (M.D. Fla. Dec. 15, 2010) (Conway, J.),[1] and *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983), Magistrate Judge Baker concluded that this Court does indeed have jurisdiction over Plaintiff's claim, as Plaintiff has effectively received a "final decision" from the Commissioner. (Doc. 15, pp. 4–9.)

The Commissioner objects to Magistrate Judge Baker's Report and Recommendation on the ground that the denial of Plaintiff's request for a hearing was not a "final decision" because "Plaintiff failed to exhaust her administrative appeal remedies." (Doc. 16, p. 2.) The Commissioner argues that "the [U.S.] Supreme Court has consistently acknowledged the general rule that parties must exhaust prescribed administrative remedies before seeking relief from the federal courts" and that "[o]nly 'exceptional circumstances' justify the waiver of administrative exhaustion." (*Id.* at 4–6 (citations omitted).) Magistrate Judge Baker reasoned that the Commissioner waived the prerequisite that a claimant exhaust her administrative remedies when the ALJ and Appeals Council issued their decision without a hearing, as they "must have been satisfied that no further review was warranted." (*Id.* at 7 (quoting *Counts*, 2010 WL 5174498, at *5 (internal quotation marks omitted)).)

The Court agrees with this reasoning. Because Plaintiff was not offered a hearing

---

[1] The Court is concerned that the Commissioner continually fails to cite or distinguish *Counts* in factually similar cases. (*See* Doc. 15, p. 7.) While *Counts* is not binding, this Court finds it persuasive, and, consistent with its obligation of candor to the Court, the Commissioner would do well to cite *Counts* in cases having similar facts.

4

by either the ALJ or the Appeals Council regarding whether she received notice of the denial of request for reconsideration, the jurisdictional prerequisite was waived. *See Counts*, 2010 WL 5174498, at *5. The hearing that Plaintiff requested

> is not specifically mandated by the Social Security regulations as a prerequisite to judicial review. Notably, there are not promulgated procedures enabling Plaintiff—at a hearing—to explain and present [her] case proving [her] timely request for a hearing. Not receiving a hearing is the very issue Plaintiff is complaining about. The bizarre results of a literal reading of § 405(g) under these circumstances can be avoided if the absence of any administrative procedures for hearing [P]laintiff's explanations [of her non-receipt of notice denying her request for reconsideration] is interpreted as a waiver of a hearing for the limited purpose of establishing § 405 jurisdiction on the [denial of a request for a hearing] issue.

*Counts*, 2010 WL 5174498, at *5 (quoting *Crumble v. Sec'y of Health & Human Servs.*, 586 F. Supp. 57, 60 n.3 (E.D.N.Y. 1984)) (internal quotation marks omitted). Adoption of the Commissioner's position would "leave Plaintiff with no recourse whatsoever." *Macheski v. Leavitt*, No. 4:06-cv-85 (CDL), 2007 WL 2710466, at *4 (M.D. Ga. Sept. 13, 2007). Plaintiff "cannot seek further administrative review because [she] has exhausted all of [her] administrative remedies, and yet under the [Commissioner's] argument, [she] is foreclosed from judicial review because [she] *has not* exhausted [her] administrative remedies. Leaving Plaintiff 'permanently in limbo' under these circumstances was rejected in *Bloodsworth*."[2] *Id.* (quoting *Bloodsworth*, 703 F.2d at 1239) (emphasis in

---

[2] *Bloodsworth* is applicable for the proposition that an Appeals Council decision not to review an ALJ decision finalizes that decision. *Bloodsworth*, 703 F.2d at 1239. The Commissioner argues that *Bloodsworth* is distinguishable because in that case, "an ALJ held a hearing on the merits," unlike in this case. (Doc. 16, p. 9.) The Court agrees with the court in *Counts* that "the existence of a hearing before an ALJ in *Bloodsworth* [is] a distinction without legal consequences, because the [U.S. Court of Appeals for the] Eleventh Circuit reviewed the Appeals Council decision issued without a hearing, not the ALJ's decision issued after a hearing." *Counts*, 2010 WL 5174498, at *6; *see Bloodsworth*, 703 F.2d at 1236–39.

5

original). The Court thus overrules the Commissioner's objection.[3]

The fact of the matter is that Plaintiff did exhaust the administrative remedies available to her if she was never notified that her request for reconsideration was denied within the sixty-day timeframe such that she could have timely taken the next step in the administrative review process. Put another way, "[b]y denying review of the ALJ's decision to dismiss Plaintiff's request for a hearing, the Appeals Council finalized [the Commissioner's] decision to deny Plaintiff a hearing. Plaintiff exhausted [her] administrative remedies and timely filed for judicial review." *Counts*, 2010 WL 5174498, at *7. Accordingly, the Court finds that it has subject-matter jurisdiction over this action.

**2. Substantial Evidence**

The Commissioner's findings are conclusive "if supported by substantial evidence." 42 U.S.C. § 405(g). "Substantial evidence is defined as more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted).

Noting that the Commissioner does not object to Magistrate Judge Baker's

---

[3] The Commissioner cites *Prather v. Commissioner of Social Security* for the proposition that "after *Counts*[,] another division of this court concluded that an ALJ dismissal of untimely hearing request was not a final decision within the meaning of 42 U.S.C. § 405(g)." (Doc. 16, p. 2.) That case involved a plaintiff's untimely request for a hearing due to sickness, not due to the fact that the plaintiff never received notice of a denial of a request for reconsideration. Order, *Prather v. Comm'r of Soc. Sec.*, No. 8:11-cv-245-T-AEP (M.D. Fla. Nov. 14, 2011), Doc. 21. That case is thus distinguishable from the case at hand in that the plaintiff in *Prather* was not left with "no recourse whatsoever," *Macheski*, 2007 WL 2710466, at *4, because she had a window of opportunity to timely request a hearing (and for whatever reason did not do so), whereas Plaintiff in this case allegedly had no such window of opportunity and thus had "no recourse whatsoever."

conclusion that the ALJ did not base his dismissal of Plaintiff's request for hearing on substantial evidence, and having reviewed the record, the Court hereby adopts Magistrate Judge Baker's recommendation that this case be reversed and remanded for the Commissioner to assign Plaintiff's claim to an ALJ for a hearing on the merits. The Court further adopts the recommendation that the Commissioner be granted leave to merge Plaintiff's September 7, 2010 application for DIB with her January 25, 2012 application for DIB, so long as Plaintiff is given the benefit of the earlier application date.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Motion to Dismiss (Doc. 9) is **DENIED**.

2. Defendant's Objection to the Report and Recommendation of the Magistrate Judge (Doc. 16) is **OVERRULED**.

3. U.S. Magistrate Judge David A. Baker's Report and Recommendation (Doc. 15) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

4. The final decision of the Commissioner of Social Security is **REVERSED** and the case is **REMANDED** for a hearing by an ALJ on the merits.

5. The Clerk is directed to close this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 5, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

The Honorable David A. Baker